Andrew GROSS, Appellant,

v.

Clay TURNER et al., Appellees.

No. 6373.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 8, 1954.

Rehearing Denied March 29, 1954.

Brummett, Brummett & Slayars, Lubbock, for appellant.

Benjamin Kucera, Lubbock, for appellees.

NORTHCUTT, Justice.

This is an action brought by Andrew Gross, hereinafter referred to as plaintiff,

against Clay Turner and Addie Turner, hereinafter referred to as defendants. Plaintiff alleges that on or about January 11, 1950, in the Supreme Court of the State of New York, in the County of New York, he recovered a judgment against Clay Turner and Velda Turner, jointly and severally, in the amount of $15,057 and seeks to recover judgment herein upon the New York judgment as against Clay Turner. In August, 1949, Clay Turner deeded certain property to his wife, Addie Turner, and Addie Turner is made a party to this suit because plaintiff is seeking to assert an equitable interest in and to certain real estate held by Addie Turner which plaintiff claims was transferred to her by Clay Turner in seeking to defeat the plaintiff in his rights to recover upon said judgment. Velda Turner is not a party to this suit.

The defendants answered herein contending the New York judgment was of no force and effect because the defendants as parties to such action were never properly served as required under the laws of the State of New York for the following reasons: First, because they were never served with notice of any service of summons upon the Secretary of State of New York. Second, because only one copy of the summons and complaint was sent by registered mail to Clay Turner and Velda Turner and one copy of the summons and complaint should have been sent to each of them. Third, because it is shown the Secretary of State was supposed to have been served on September 21 but was actually served on September 22; further, a copy of complaint was not filed within thirty days and the affidavit of compliance filed with the claim failed to state that notice of service on the Secretary of State was given to the defendants in said cause. At the close of the evidence plaintiff made his motion for an instructed verdict but the same was overruled by the court.

The case was tried to a jury upon the following special issues:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that notice of service upon the Secretary of State of the State of New York, if any, was included in the registered letter to Clay Turner and Velda Turner introduced in evidence?"

"Special Issue No. 2

"Do you find from a preponderance of the evidence that service upon the Secretary of State of the State of New York, if any, had been obtained, if it had been obtained, when the registered letter introduced in evidence was mailed to Clay Turner and Velda Turner?"

"Special Issue No. 3

"Do you find from a preponderance of the evidence that a complaint was filed with the Clerk of the Supreme Court of the County of New York within thirty days after postoffice registered letter receipt was returned to plaintiff?"

The jury answered "No" to each of these issues. Plaintiff excepted to the court's charge because the issues as submitted erroneously placed the burden of proof upon the plaintiff and also presented to the court like issues placing the burden of proof upon the defendant. Plaintiff's exceptions were overruled. The plaintiff made his motion for judgment non obstante veridicto but the same was overruled by the court and the court rendered judgment that the plaintiff recover nothing of and from the defendants. The plaintiff made and presented his motion for a new trial but the same was overruled by the court, to which ruling of the court the plaintiff excepted and has perfected this appeal.

Appellant presents his appeal upon fourteen assignments of error. The first eight assignments of error are presented together in the brief since they all deal with the proposition as to whether there was sufficient compliance by the New York court with Section 52 of the Vehicle and Traffic Law of the State of New York, McKinney's Consol.Laws, c. 71, as to vest the New York court with jurisdiction to enter judgment as was entered. That part

of said Section 52 of the Vehicle and Traffic Law of the State of New York that is involved in this case reads as follows:

"52. Service of summons on nonresidents. The operation by a nonresident of a motor vehicle or motor cycle in this state, or the operation in this state of a motor vehicle or motor cycle owned by a nonresident if so operated with his consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle in this state or in which such motor vehicle or motor cycle may be involved while being operated in this state with the consent, express or implied, of such nonresident owner; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the state and within the territorial jurisdiction of the court from which the summons issues. A summons in such an action may issue in any court in the state having jurisdiction of the subject matter and be served as hereinafter provided. Service of such summons shall be made by leaving with, or mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of two dollars, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by registered mail with return receipt requested. The plaintiff shall file with the clerk of the court in which the action is pending, or with the judge or justice of such court in case there be no clerk, an affidavit of compliance herewith, a copy of the summons and complaint, and either a return receipt purporting to be signed by the defendant or a person qualified to receive his registered mail, in accordance with the rules and customs of the post-office department; or, if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail. Where the summons is mailed to a foreign country, other official proof of the delivery of the mail may be filed in case the post-office department is unable to obtain such a return receipt. The foregoing papers shall be filed within thirty days after the return receipt or other official proof of delivery or the original envelope bearing a notation of refusal, as the case may be, is received by the plaintiff. Service of process shall be complete ten days after such papers are filed. The return receipt or other official proof of delivery shall constitute presumptive evidence that the summons mailed was received by the defendant or a person qualified to receive his registered mail; and the notation of refusal shall constitute presumptive evidence that the refusal was by the defendant or his agent. Service of such summons also may be made by leaving with, or mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of two dollars, and by delivering a duplicate copy thereof, with the complaint annexed thereto, to the defendant personally without the state by a resident or citizen of the state of New York or a sheriff, undersheriff, deputy-sheriff or constable of the county or other political subdivision in which the personal service is

made, or an officer authorized by the laws of this state, to take acknowledgments of deeds to be recorded in this state, or an attorney and/or counselor at law, solicitor, advocate or barrister duly qualified to practice in the state or country where such service is made, or by a United States marshal or deputy United States marshal. Proof of personal service without the state shall be filed with the clerk of the court in which the action is pending within thirty days after such service. Personal service without the state is complete ten days after proof thereof is filed. The court in which the action is pending may order such extensions as may be necessary to afford the defendant reasonable opportunity to defend the action."

Before the New York court would have had jurisdiction, the plaintiff was compelled to have the Secretary of State served with the summons. That summons could have been served by leaving with or mailing a copy thereof to the Secretary of State at his office in the City of Albany or by personally delivering a copy of the summons to one of his regularly established offices with the fee of two dollars. That statute continues by stating that after the copy of the summons has been served as above mentioned "such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant". Provided means "on condition". The condition here in issue is whether the copy of the summons and complaint and notice of the service upon the Secretary of State of the summons were delivered by registered mail to defendants. If this was not done the service was not sufficient. By the submission of Special Issue No. 1 the court asked the jury, "Do you find from a preponderance of the evidence that notice of service upon the Secretary of State of the State of New York, if any, was included in the registered letter to Clay Turner and Velda Turner introduced in evidence?"

There is no particular kind of notice required to be given by this New York statute. The only question of fact involved as to the notice is whether or not the letter was enclosed in the papers that were registered to Clay Turner and Velda Turner. If the letter was enclosed then Clay Turner was notified that the Secretary of State of the State of New York was served with the summons. There is no question according to this record but what Clay Turner received the registered package or envelope and that a copy of the summons and complaint were enclosed therein but Clay Turner denies that there was any letter. Special Issue No. 1 as above shown is based upon the theory that there must be another notice besides the letter because it asked as to whether there was a notice included in the registered letter.

It is the contention of appellant that sufficient compliance was had with the provision of Section 52 of the Vehicle and Traffic Law of the State of New York in view of Section 105 of the Civil Practice Act of the State of New York, which provides:

"§ 105. Mistakes, omissions, defects and irregularities. At any stage of any action, special proceeding or appeal, a mistake, omission, irregularity or defect may be corrected or supplied, as the case may be, in the discretion of the court, with or without terms, or, if a substantial right of any party shall not be thereby prejudiced, such mistake, omission, irregularity or defect must be disregarded."

There is no question involved under this record as to any mistakes, omissions, defects, or irregularities being corrected or supplied. Appellant contended in the New York court that all requirements had been complied with under Section 52. Concerning the correctness of the New York judgment, under the state of this record the only question involved on the issue as to whether the appellant gave Clay Turner notice of the service of the summons on the Secretary of State of New York is whether the letter that appellant claims was enclosed in the registered mail was actually enclosed.

If such letter was enclosed in the registered mail, appellant should recover judgment in the amount of $15,057 as was decreed in the New York judgment. If the letter giving Clay Turner notice was not enclosed then appellant would not be entitled to judgment because of appellant's failure to comply with Section 52. Appellant presents his assignments of error Nos. 10 to 14, both inclusive, together in his brief since they all deal with the proposition that the court erroneously placed the burden of proof upon the appellant in each special issue submitted to the jury. The court correctly instructed the jury that, "By the expression 'preponderance of the evidence' as used in this charge, is meant the greater degree and weight of creditable testimony before you." Since Clay Turner was claiming that he was never given notice of the service of summons upon the Secretary of State of the State of New York then the burden was upon him to prove the same. The court by submitting the special issues as it did erroneously placed the burden of proof upon appellant. In the case of Russell v. Butler, Tex.Civ.App., 47 S.W. 406, it is stated:

"Upon the issue of fact raised, as to whether or not the process was really served, the evidence was conflicting. In submitting this issue the court gave the following charge, of which counsel for appellant vehemently complains: 'The plaintiff has introduced in evidence a copy of said judgment, with the return of the officer attached thereto. Therefore the burden of proof is on the defendant to show, by a preponderance of evidence, that said return was not true.' That this charge placed the burden of proof where the law places it seems quite clear. The matter set up, and which appellant sought to establish by proof, was in avoidance of the Tennessee judgment. It was essentially matter of defense. As was said by our supreme court in Redus v. Burnett, 59 Tex. 576: 'It is well settled as the law of this state that, where an action in our courts is based on a judgment of a sister state, the party can show by way of defense that he was never served with process.' It was held in Norwood v. Cobb, 15 Tex. 500, that such defense amounted to an attack upon the judgment for fraud, and in this case, as before seen, this charge was expressly made by appellant. That the burden of proof rests upon him who makes such a charge is too well settled to require the citation of authority."

Appellant's points of error 10 to 14, both inclusive, are sustained. Since the case must be reversed, there is no necessity in passing on appellant's other assignments of error other than the above statements as discussed.

The case is reversed and remanded.